Bradford G. Hughes (State Bar No. 247141)
bhughes@ClarkHill.com
CLARK HILL LLP
1055 W. 7th Street, 24th Floor
Los Angeles, California 90017
Telephone: 213.891.9100
Facsimile: 213.488.1178

Gregory N. Longworth (*Pro Hac Vice To Be Filed)*
GLongworth@ClarkHill.com
CLARK HILL PLC
200 Ottawa NW, Suite 500
Grand Rapids, Michigan 49503
Telephone: 616.608.1100
Facsimile: 616.608.1199

Daniel J. Dulworth (*Pro Hac Vice To Be Filed*)
DDulworth@ClarkHill.com
CLARK HILL PLC
500 Woodward Ave., Suite 3500
Detroit, MI 48226
Telephone: 313. 965.8300
Facsimile: 313.965.8252

John J. Bursch (*Pro Hac Vice To Be Filed*)
jbursch@burschlaw.com
BURSCH LAW PLLC
9339 Cherry Valley Ave. SE, #78
Caledonia, MI 49316
Telephone: 616.450.4235

Attorneys for Plaintiffs and Proposed Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SCOTT WILFORD; BONNIE HAYHURST; REBECCA FRIEDRICHS; MICHAEL MONGE; HARLAN ELRICH; JELENA FIGUEROA; AND, MIKE RAUSEO, AS INDIVIDUALS, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No. 8:18-cv-1169 **PLAINTIFFS' CLASS-ACTION COMPLAINT** |
| Plaintiffs, | |
| v. | |
| NATIONAL EDUCATION ASSOCIATION OF THE UNITED STATES; AMERICAN FEDERATION | |

1
COMPLAINT

OF TEACHERS; CALIFORNIA
TEACHERS ASSOCIATION;
CALIFORNIA FEDERATION OF
TEACHERS; COMMUNITY
COLLEGE ASSOCIATION;
SADDLEBACK VALLEY
EDUCATORS ASSOCIATION;
EXETER TEACHERS ASSOCIATION;
SAVANNA DISTRICT TEACHERS
ASSOCIATION; CERTIFICATED
HOURLY INSTRUCTORS, LONG
BEACH CITY COLLEGE CHAPTER;
COAST FEDERATION OF
EDUCATORS, LOCAL 1911; SOUTH
ORANGE COUNTY COMMUNITY
COLLEGE DISTRICT FACULTY
ASSOCIATION; SANGER UNIFIED
TEACHERS ASSOCIATION;
ORANGE UNIFIED EDUCATION
ASSOCIATION; UNITED TEACHERS
LOS ANGELES; SADDLEBACK
VALLEY UNIFIED SCHOOL
DISTRICT; EXETER UNIFIED
SCHOOL DISTRICT; SAVANNA
SCHOOL DISTRICT; LONG BEACH
COMMUNITY COLLEGE DISTRICT;
COAST COMMUNITY COLLEGE
DISTRICT; SOUTH ORANGE
COUNTY COMMUNITY COLLEGE
DISTRICT; SANGER UNIFIED
SCHOOL DISTRICT; ORANGE
UNIFIED SCHOOL DISTRICT; LOS
ANGELES UNIFIED SCHOOL
DISTRICT; DR. CRYSTAL TURNER,
IN HER OFFICIAL CAPACITY; TIM
HIRE, IN HIS OFFICIAL CAPACITY;
DR. SUE JOHNSON, IN HER
OFFICIAL CAPACITY; DR. REAGAN
ROMALI, IN HER OFFICIAL
CAPACITY; DR. JOHN
WEISPFENNING, IN HIS OFFICIAL
CAPACITY; DR. KATHLEEN
BURKE, IN HER OFFICIAL
CAPACITY; MATTHEW NAVO, IN
HIS OFFICIAL CAPACITY; DR.
GUNN MARIE HANSEN, IN HER
OFFICIAL CAPACITY; AUSTIN
BEUTNER, IN HIS OFFICIAL
CAPACITY,

Defendants.

ClarkHill\94248\329385\219891177.v1-7/2/18

Plaintiffs SCOTT WILFORD, BONNIE HAYHURST, REBECCA FRIEDRICHS, MICHAEL MONGE, HARLAN ELRICH, JELENA FIGUEROA and MIKE RAUSEO (collectively, hereinafter "Plaintiffs") are current or former public-school teachers who bring this class action on behalf of themselves and all others similarly situated, seeking redress for the defendants' past and ongoing violations of their constitutionally protected rights. The defendants have violated the representative plaintiffs' constitutional rights by, amongst other things, forcing them to pay fair share service fees as a condition of their employment. Plaintiffs on behalf of themselves and all others similarly situated allege as follows:

## PARTIES

1.       Plaintiff Scott Wilford resides in the County of Orange, California. Plaintiff Scott Wilford is, and was at all times mentioned herein, a public school teacher in the State of California. He has been a teacher in Saddleback Valley Unified School District for over 19 years. As such, Mr. Wilford is a "public school employee" within the meaning of the CAL. GOV'T. CODE § 3546.  He resigned his union membership in 2009 and has opted out of paying the non-chargeable portion of agency fees. Yet, he is required, as a condition of his employment, to pay fair share service fees to Saddleback Valley Educators Association, portions of which are forwarded to California Teachers Association and National Education Association of the United States.

2.       Plaintiff Bonnie Hayhurst resides in the County of Orange, California. Plaintiff Bonnie Hayhurst is, and was at all times mentioned herein, a public school teacher in the State of California at Exeter Unified School District. As such, Ms. Hayhurst is a "public school employee" within the meaning of the CAL. GOV'T. CODE § 3546. She resigned her union membership in 2008 and has opted out of paying the non-chargeable portion of agency fees. Yet, she is required, as a condition of her employment, to pay fair share service fees to Exeter Teachers Association, portions of which are forwarded to California Teachers Association

ClarkHill\94248\329385\219891177.v1-7/2/18

and National Education Association of the United States.

3.      Plaintiff Rebecca Friedrichs resides in the County of Orange, California. Plaintiff Rebecca Friedrichs was at all times mentioned herein, a public school teacher in the Savanna School District in the State of California. As such, Ms. Friedrichs was a "public school employee" within the meaning of the CAL. GOV'T. CODE § 3546. She resigned her union membership in 2012 and has opted out of paying the non-chargeable portion of agency fees. Yet, she is required, as a condition of her employment, to pay fair share service fees to Savanna District Teachers Association, portions of which are forwarded to California Teachers Association and National Education Association of the United States.

4.      Plaintiff Michael Monge resides in the County of Orange, California. Plaintiff Michael Monge is, and was at all times mentioned herein, employed by one or more of various community colleges in the State of California, including Long Beach Community College District, Coast Community College District, and South Orange County Community College District. As such, Mr. Monge is a "public school employee" within the meaning of the CAL. GOV'T. CODE § 3546. He resigned his union memberships and has opted out of paying the non-chargeable portion of agency fees. Yet, he is required, as a condition of his employment with Long Beach Community College District, to pay fair share service fees to Certificated Hourly Instructors, Long Beach City College Chapter, portions of which are forwarded Community College Association, California Teachers Association, and to National Education Association of the United States. He is required, as a condition of his employment with Coast Community College District, to pay fair share service fees to Coast Federation of Educators, Local 1911, portions of which are forwarded to California Federation of Teachers and American Federation of Teachers.  He is required, as a condition of his employment with South Orange County Community College District, to pay fair share service fees to South Orange County Community College District Faculty Association, portions of

COMPLAINT

which are forwarded to Community College Association, California Teachers Association, and National Education Association of the United States.

5.     Plaintiff Harlan Elrich resides in Fresno County, California. Plaintiff Harlan Elrich is, and was at all times mentioned herein, a public school teacher in the State of California. He has been a public school teacher in California for nearly 25 years and a teacher in the Sanger Unified School District for 13 years. As such, Mr. Elrich is a "public school employee" within the meaning of the CAL. GOV'T. CODE § 3546. He resigned his union membership in 2012 and has opted out of paying the non-chargeable portion of agency fees. Yet, he is required, as a condition of his employment, to pay fair share service fees to Sanger Unified Teachers Association, portions of which are forwarded to California Teachers Association and National Education Association of the United States.

6.     Plaintiff Jelena Figueroa resides in the County of Orange, California. Plaintiff Jelena Figueroa is, and was at all times mentioned herein, a public school teacher in the State of California at the Orange Unified School District for 14 years. As such, Ms. Figueroa is a "public school employee" within the meaning of CAL. GOV'T. CODE § 3546. She resigned her union membership in 2008 and has opted out of paying the non-chargeable portion of agency fees. Yet, she is required, as a condition of her employment, to pay fair share service fees to Orange Unified Education Association, portions of which are forwarded to California Teachers Association and National Education Association of the United States.

7.     Plaintiff Mike Rauseo resides in the Ventura County, California. Plaintiff Mike Rauseo is, and was at all times mentioned herein, a public school teacher in the State of California at the Los Angeles Unified School District for over 18 years. As such, Mr. Rauseo is a "public school employee" within the meaning of CAL. GOV'T. CODE § 3546. He resigned his union membership and has opted out of paying the non-chargeable portion of agency fees. Yet, he is required, as a condition of his employment, to pay fair share service fees to United Teachers

ClarkHill\94248\329385\219891177.v1-7/2/18

1   Los Angeles, portions of which are forwarded to California Teachers Association
2   and National Education Association of the United States.

3          8.      Defendant National Education Association of the United States
4   ("NEA") is the largest teachers' union in the United States and one of the largest
5   public-sector unions. It receives a portion of the fair share service fees that are
6   extracted from Plaintiffs and other public school employees under California
7   agency-shop laws. It also receives portions of agency fees paid by persons in other
8   states who are not union members. NEA is a major participant in political activities
9   at the national, state, and local levels. NEA is headquartered in Washington DC
10  and engages in business throughout California including in the County of Orange.

11         9.      Defendant American Federation of Teachers ("AFT") is a teachers'
12  union in the United States and one of the largest public-sector unions. It receives a
13  portion of the fair share service fees that are extracted from Plaintiffs and other
14  public school employees under California agency-shop laws. It also receives
15  portions of agency fees paid by persons in other states who are not union members.
16  AFT is a major participant in political activities at the national, state, and local
17  levels. AFT is headquartered in Washington DC and engages in business
18  throughout California including in the County of Orange.

19        10.     Defendant California Teachers Association ("CTA") is the state
20  affiliate of NEA. It is the largest teachers' union in California. CTA engages in
21  business in Orange County, California. It receives a portion of the fair share
22  service fees that are extracted from Plaintiffs and other public school employees
23  under California agency-shop laws. CTA is a major participant in political
24  activities at the state and local levels. CTA is headquartered in Burlingame,
25  California, and engages in business throughout the State of California, including in
26  the County of Orange.

27        11.     Defendant California Federation of Teachers ("CFT") is the state
28  affiliate of AFT. It is a teachers' union in California. It receives a portion of the

COMPLAINT
ClarkHill\94248\329385\219891177.v1-7/2/18

fair share service fees that are extracted from Plaintiffs and other public school employees under California agency-shop laws. CFT is a major participant in political activities at the state and local levels. CFT is headquartered in Burbank, California, and engages in business throughout the State of California, including in the County of Orange.

12.    Defendant Community College Association ("CCA") is the community college faculty union in California. It receives a portion of the fair share service fees that are extracted from Plaintiffs and other public school employees under California agency-shop laws. CCA is a major participant in political activities at the state and local levels. CCA engages in business throughout the state of California, including in the County of Orange.

13.    Defendant Saddleback Valley Educators Association ("SVEA") is the "recognized employee organization" in the Saddleback Valley Unified School District, within the meaning of CAL. GOV'T. CODE § 3546. SVEA is headquartered in Laguna Hills, California, and conducts its business and operations in the County of Orange. Its state affiliate is CTA and its national affiliate is NEA.

14.    Defendant Exeter Teachers Association ("ETA") is the "recognized employee organization" in the in the Exeter Unified School District, within the meaning of CAL. GOV'T. CODE § 3546. ETA is headquartered in Exeter, California, and conducts its business and operations in the State of California. Its state affiliate is CTA and its national affiliate is NEA.

15.    Defendant Savanna District Teachers Association ("SDTA") is the "recognized employee organization" in the Savanna School District within the meaning of CAL. GOV'T. CODE § 3546. SDTA is headquartered in Anaheim, California, and conducts its business and operations in the County of Orange. Its state affiliate is CTA and its national affiliate is NEA.

16.    Defendant Certificated Hourly Instructors, Long Beach City College Chapter ("CHI") is the "recognized employee organization" for Long Beach City

COMPLAINT

College District, within the meaning of CAL. GOV'T. CODE § 3546. CHI is headquartered in San Francisco, California, and conducts its business and operations in the State of California, including in the County of Orange. Its state affiliates are CCA and CTA, and its national affiliate is NEA.

17.    Defendant Coast Federation of Educators, Local 1911 ("CFE") is the "recognized employee organization" for Coast Community College District, within the meaning of CAL. GOV'T. CODE § 3546. CFE is headquartered in Costa Mesa, California, and conducts its business and operations in the County of Orange. Its state affiliate is CFT and its national affiliate is the AFT.

18.    Defendant South Orange County Community College District Faculty Association ("SOCCCDFA") is the "recognized employee organization" for South Orange County Community College District, within the meaning of CAL. GOV'T. CODE § 3546. SOCCCDFA is headquartered in Mission Viejo, California, and conducts its business and operations in the County of Orange. Its affiliate is CCA, its state affiliate is CTA, and its national affiliate is NEA.

19.    Defendant Sanger Unified Teachers Association ("SUTA") is the "recognized employee organization" in the Sanger Unified School District, within the meaning of CAL. GOV'T. CODE § 3546. SUTA is headquartered in Sanger, California, and conducts its business and operations in the State of California. Its state affiliate is CTA and its national affiliate is NEA.

20.    Defendant Orange Unified Education Association ("OUEA") is the "recognized employee organization" in the Orange Unified School District, within the meaning of CAL. GOV'T. CODE § 3546. OUEA is headquartered in Orange, California, and conducts its business and operations in the County of Orange. Its state affiliate is CTA and its national affiliate is NEA.

21.    Defendant United Teachers Los Angeles ("UTLA") is the "recognized employee organization" in the Los Angeles Unified School District, within the meaning of CAL. GOV'T. CODE § 3546. UTLA is headquartered in Los Angeles,

California, and conducts its business and operations in the State of California. Its state affiliate is CTA and its national affiliate is NEA.

22.     Defendant Saddleback Valley Unified School District is a public school district located in Mission Viejo, California, in the County of Orange. Saddleback Valley Unified School District is an "employer" of Scott Wilford within the meaning of CAL. GOV'T. CODE § 3546.

23.     Defendant Exeter Unified School District is a public school district located in Exeter, California. Exeter Unified School District is an "employer" of Bonnie Hayhurst within the meaning of CAL. GOV'T. CODE § 3546.

24.     Defendant Savanna School District is a public school district located in Anaheim, California, in the County of Orange. Savanna School District is or was an "employer" of Rebecca Friedrichs within the meaning of CAL. GOV'T. CODE § 3546.

25.     Long Beach Community College District is a community college located in Long Beach, California. Long Beach Community College District is an "employer" of Michael Monge within the meaning of CAL. GOV'T. CODE § 3546.

26.     Defendant Coast Community College District is a community college district located in Costa Mesa, California, in the County of Orange. Coast Community College District is an "employer" of Michael Monge within the meaning of CAL. GOV'T. CODE § 3546.

27.     Defendant South Orange County Community College District is a community college district located in Mission Viejo, California, in the County of Orange. South Orange County Community College District is an "employer" of Michael Monge within the meaning of CAL. GOV'T. CODE § 3546.

28.     Defendant Sanger Unified School District is a public school district located in Sanger, California. Sanger Unified School District is an "employer" of Harlan Elrich within the meaning of CAL. GOV'T. CODE § 3546.

29.     Defendant Orange Unified School District is a public school district located in Orange, California, in the County of Orange. Orange Unified School District is an "employer" of Jelena Figueroa within the meaning of CAL. GOV'T. CODE § 3546.

30.     Defendant Los Angeles Unified School District is a public school district located in Los Angeles, California. Los Angeles Unified School District is an "employer" of Michael Rauseo within the meaning of CAL. GOV'T. CODE § 3546.

31.     Defendant school superintendents and chancellors are the executive officers in charge of the school districts that employ Plaintiffs, pay Plaintiffs' wages, and process all deductions therefrom, including union dues and fair share service fees pursuant to agency shop arrangements authorized under Chapter 10.7 of Division 4 of Title I of the CAL. GOV'T. CODE and CAL. EDUC. CODE § 45061. Defendant school superintendents are sued in their official capacity.

32.     Defendant Dr. Crystal Turner ("Turner") is the superintendent of the Saddleback Valley Unified School District in the County of Orange, and is the executive officer who implements the deduction of fair share service fees from the paychecks of Plaintiff Scott Wilford.

33.     Defendant Tim Hire ("Hire") is the superintendent of the Exeter Unified School District, and is the executive officer who implements the deduction of fair share service fees from the paychecks of Plaintiff Bonnie Hayhurst.

34.     Defendant Dr. Sue Johnson ("Johnson") is the superintendent of the Savanna School District in the County of Orange, and is the executive officer who implemented the deduction of fair share service fees from the paychecks of Plaintiff Rebecca Friedrichs.

35.     Defendant Dr. Reagan Romali ("Romali") is the superintendent of the Long Beach Community College District in the County of Orange, and is the

ClarkHill\94248\329385\219891177.v1-7/2/18

executive officer who implements the deduction of fair share service fees from the paychecks of Plaintiff Michael Monge.

36.     Defendant Dr. John Weispfenning ("Weispfenning") is the chancellor of the Coast Community College District in the County of Orange, and is the executive officer who implements the deduction of fair share service fees from the paychecks of Plaintiff Michael Monge.

37.     Defendant Dr. Kathleen Burke ("Burke") is the chancellor of the South Orange County Community College District in the County of Orange, and is the executive officer who implements the deduction of fair share service fees from the paychecks of Plaintiff Michael Monge.

38.     Defendant Matthew Navo ("Navo") is the superintendent of the Sanger Unified School District, and is the executive officer who implements the deduction of fair share service fees from the paychecks of Plaintiff Harlan Elrich.

39.      Defendant Dr. Gunn Marie Hansen ("Hansen") is the superintendent of the Orange Unified School District in the County of Orange, and is the executive officer who implements the deduction of fair share service fees from the paychecks of Plaintiff Jelena Figueroa.

40.     Defendant Austin Beutner ("Beutner") is the superintendent of the Los Angeles Unified School District, and is the executive officer who implements the deduction of fair share service fees from the paychecks of Plaintiff Michael Rauseo.

## JURISDICTION AND VENUE

41.     The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1343, 1367, and 2201.

42.     Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2) because one or more of the defendants reside in this judicial district and all defendants are residents of this State (within the meaning 28 U.S.C. § 1391(c)) and because a substantial part of the events or omissions giving rise to the claim occurred, and a

ClarkHill\94248\329385\219891177.v1-7/2/18

1   substantial part of property that is the subject of this action is situated, in this

2   judicial district.

3   **GENERAL ALLEGATIONS**

4       43.     Under CAL. GOV'T. CODE § 3543(a), the public school employees of

5   each of the Defendant school districts chose to be represented by the corresponding

6   Defendant labor union, which then was recognized as the exclusive representative of

7   the district's employees.

8       44.     Under CAL. GOV'T. CODE § 3543(a), "public school employees who are

9   in a unit for which an exclusive representative has been selected, shall be required, as

10  a condition of continued employment, to join the recognized employee organization

11  or to pay the organization a fair share services fee, as required by Section 3546."

12      45.     Under CAL. GOV'T. CODE § 3543(a), the public school employer for

13  each Plaintiff deducts the amount of the fair share service fee from that Plaintiff's

14  wages and salary and pays that amount to the Defendant union representing the

15  employees of that public school employer.

16      46.     Each Plaintiff chose not to join the exclusive representative in his or her

17  school district.  Nevertheless, under Chapter 10.7 of Division 4 of Title 1 of the

18  California Government Code:

19          a.     Defendants Saddleback Valley Unified School District and

20          Turner have withheld from Plaintiff Scott Wilford's pay fair share service fees

21          and paid those fees to Defendant SVEA.  Defendant SVEA forwarded portions

22          of these fees to Defendant CTA and either Defendant SVEA or Defendant

23          CTA forwarded portions of these fees to Defendant NEA.

24          b.     Defendants Exeter Unified School District and Hire have

25          withheld from Plaintiff Bonnie Hayhurst's pay fair share service fees and paid

26          those fees to Defendant ETA.  Defendant ETA forwarded portions of these

27          fees to Defendant CTA and either Defendant ETA or Defendant CTA

28          forwarded portions of these fees to Defendant NEA.

ClarkHill\94248\329385\219891177.v1-7/2/18

c.    Defendants Savanna School District and Johnson have withheld from Plaintiff Rebecca Friedrichs's pay fair share service fees and paid those fees to Defendant SDTA.  Defendant SDTA forwarded portions of these fees to Defendant CTA and either Defendant SDTA or Defendant CTA forwarded portions of these fees to Defendant NEA.

d.    Defendants Long Beach Community College District and Romali have withheld from Plaintiff Michael Monge's pay fair share service fees and paid those fees to Defendant CHI.  Defendant CHI forwarded portions of these fees to Defendant CCA, either Defendant CHI or Defendant CCA forwarded portions of these fees to Defendant CTA, and either Defendant CHI or Defendant CCA or Defendant CTA forwarded portions of these fees to Defendant NEA.

e.    Defendants Coast Community College District and Weispfenning have withheld from Plaintiff Michael Monge's pay fair share service fees and paid those fees to Defendant CFE.  Defendant CFE forwarded portions of these fees to Defendant CFT and either Defendant CFE or Defendant CFT forwarded portions of these fees to Defendant AFT.

f.    Defendants South Orange County Community College District and Burke have withheld from Plaintiff Michael Monge's pay fair share service fees and paid those fees to Defendant SOCCCDFA. Defendant SOCCCDFA forwarded portions of these fees to Defendant CCA, either Defendant SOCCCDFA or Defendant CCA forwarded portions of these fees to Defendant CTA, either Defendant SOCCCDFA or Defendant CCA or Defendant CTA  forwarded portions of these fees to Defendant NEA.

g.    Defendants Sanger Unified School District and Navo have withheld from Plaintiff Harlan Elrich's pay fair share service fees and paid those fees to Defendant SUTA.  Defendant SUTA forwarded portions of these fees to Defendant CTA and either Defendant SUTA or Defendant CTA

1   forwarded portions of these fees to Defendant NEA.

2     h. Defendants Orange Unified School District and Hansen have

3   withheld from Plaintiff Jelena Figueroa's pay fair share service fees and paid

4   those to Defendant OUEA.  Defendant OUEA forwarded portions of these

5   fees to Defendant CTA and either Defendant OUEA or Defendant CTA

6   forwarded portions of these fees to Defendant NEA.

7     i. Defendants Los Angeles Unified School District and Beutner

8   have withheld from Plaintiff Michael Rauseo's pay fair share service fees and

9   paid those to Defendant UTLA.  Defendant UTLA forwarded portions of these

10   fees to Defendant CTA and either Defendant UTLA or Defendant CTA

11   forwarded portions of these fees to Defendant NEA.

12     47. Defendants SVEA, ETA, SDTA, CHI, CFE, SOCCCDFA,

13   SUTA, OUEA, and UTLA are collectively referred to as the "Local Unions."

14   Defendants CTA, CFT, and CCA are referred to as the "State Unions."  Defendants

15   NEA and AFT are referred to as the "National Unions."

16     48. This agency-fee scheme violates the free speech rights of Plaintiffs by

17   compelling them to subsidize private speech on matters of substantial public

18   concern, as the Supreme Court recognized in *Janus v. AFSCME*, --- U.S. ---, 2018

19   WL 312785 (June 27, 2018).  No compelling or otherwise sufficient governmental

20   interest justifies the compulsory political representation imposed on teachers. *Id*. at

21   *11-14. As a result, "public-sector agency-shop arrangements" like those here

22   "violate the First Amendment." *Id*. at *23.

23     49. The representative plaintiffs are bringing this action at this time to

24   preserve the class members' ability to seek retrospective relief against the

25   defendants for as far back as the applicable statutes of limitations will allow.

26   ### CLASS ALLEGATIONS

27     50. The representative plaintiffs bring this class action under Fed. R. Civ.

28   P. 23(b)(1)(A), (b)(2), and (b)(3). The class comprises each individual who: (1) is

14

COMPLAINT

not a member of a union; (2) has had fair share service fees or union agency fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to one of the Local, State, or National Unions; and (3) has not affirmatively consented in writing to pay the fees. The class includes everyone who comes within the class definition at any time covered by the claims and until the conclusion of this action.

51.     The representative plaintiffs also assert the following subclasses:

a. The "NEA Subclass" comprises each individual who:  (1) is not a member of a union; (2) has had fair share service fees or union agency fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to NEA; and (3) has not affirmatively consented in writing to pay the fees.

b. The "AFT Subclass" comprises each individual who:  (1) is not a member of a union; (2) has had fair share service fees or union agency fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to AFT; and (3) has not affirmatively consented in writing to pay the fees.

c. The "CTA Subclass" comprises each individual who:  (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to CTA; and (3) has not affirmatively consented in writing to pay the fees.

d. The "CFT Subclass" comprises each individual who:  (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted CFT; and (3) has not affirmatively consented in writing to pay the fees.

e. The "CCA Subclass" comprises each individual who:  (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted CCA; and

ClarkHill\94248\329385\219891177.v1-7/2/18

(3) has not affirmatively consented in writing to pay the fees.

f.  The "SVEA Subclass" comprises each individual who:  (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to SVEA; and (3) has not affirmatively consented in writing to pay the fees.

g.  The "ETA Subclass" comprises each individual who:  (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to ETA; and (3) has not affirmatively consented in writing to pay the fees.

h.  The "SDTA Subclass" comprises each individual who:  (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to SDTA; and (3) has not affirmatively consented in writing to pay the fees.

i.  The "CHI Subclass" comprises each individual who:  (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to CHI; and (3) has not affirmatively consented in writing to pay the fees.

j.  The "CFE Subclass" comprises each individual who:  (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to CFE; and (3) has not affirmatively consented in writing to pay the fees.

k.  The "SOCCCDFA Subclass" comprises each individual who:  (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to SOCCCDFA; and (3) has not affirmatively consented in writing to pay the fees.

l.  The "SUTA Subclass" comprises each individual who:  (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid

COMPLAINT

to him/her by his/her employer, which fees have been remitted to SUTA; and (3) has not affirmatively consented in writing to pay the fees.

m. The "OUEA Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to OUEA; and (3) has not affirmatively consented in writing to pay the fees.

n. The "UTLA Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to UTLA; and (3) has not affirmatively consented in writing to pay the fees.

52.     The number of persons in the class and each subclass makes joinder of the individual class members impractical.

53.     There are questions of fact and law common to the class and the subclasses.  Factually, all class and subclass members are public employees and union nonmembers compelled to pay fair share service fees or agency fees to Defendants as a condition of employment.  Legally, the U.S. Constitution affords the same rights under the First Amendment to every member of the class as the Supreme Court recently held in *Janus v. AFSCME*, --- U.S. ---, 2018 WL 3129785. Among the common questions are:  (1) whether the requirement of paying the fair share service fee or agency fee is constitutional; (2) whether the withholding of the fair share service fee or agency fee is a tort under state law; and (3) whether Defendants are obligated to refund fair share service fees that have been unlawfully extracted.

54.     The representative plaintiffs' claims are typical of other members of the class and their respective subclasses because each member of the class or subclass has declined to join a union, yet is forced under state law and contract provisions to financially support the union and its inherently political activities.

55. The representative plaintiffs adequately represent the interests of the class and their respective subclasses and they have no interests antagonistic to the class. Further, the undersigned counsel is experienced in the litigation of constitutional deprivations, including First Amendment claims, and class action litigation.

56. A class action may be maintained under Rule 23(b)(1)(A) because separate actions by class and subclass members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.

57. A class action may be maintained under Rule 23(b)(2) because final injunctive relief and corresponding declaratory relief is appropriate respecting the class and subclasses as a whole. Plaintiffs are also entitled to recover incidental monetary relief that will not involve individualized determinations of each plaintiff's entitlement to monetary relief.

58. A class action may be maintained under Rule 23(b)(3) because the questions of law or fact common to class members predominate over any questions affecting only individual members. In addition, a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Among other things, all class and subclass members are subjected to the same violation of their constitutional rights but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions.

59. The representative plaintiffs, by and through their counsel of record, maintain that the class action could be maintained without notice to the proposed class under FRCP 23(b)(1) or (2). To the extent notice is required, the representative plaintiffs, by and through their counsel of record, will obtain court approval of the manner and nature of the notice to be given.

ClarkHill\94248\329385\219891177.v1-7/2/18

# CAUSES OF ACTION

# FIRST CAUSE OF ACTION

## Violation of 28 U.S.C. § 1983

## (All Defendants)

60.     Plaintiffs hereby allege and incorporate by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 through 59.

61.     Defendants are acting under the color of state law by causing, participating in, and accepting the compulsory deduction of fair share service fees from monies owed to Plaintiffs.  Specifically, the defendant school districts and superintendents are assisting the defendant unions in coercing Plaintiffs to finance the unions' activities, and the unions are acting in concert with a public agency and with authority granted by statute to deprive Plaintiffs of their constitutional rights.

62.     Defendants, acting under color of state law have created, administered, and enforced laws unlawfully requiring Plaintiffs to pay fair share service fees to the Defendant unions as a condition for Plaintiffs' employment.  In so doing, Defendants have violated and continue to violate Plaintiffs' First Amendment Rights to free speech and association as secured by the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

63.     State law and collective-bargaining agreements permitting and imposing compulsory fair share service fees on public employees who do not wish to associate or support a union are not narrowly tailored to serve a compelling government interest.

64.     By compelling the representative Plaintiffs and the class members to financially support the unions, including for purposes of speaking to, petitioning, and otherwise lobbying the State and its officials with respect to political matters such as the negotiation and enforcement of collective bargaining rights and obligations, Defendants are abridging and violating the rights of the representative Plaintiffs and the class members to freedom of association and freedom of speech,

COMPLAINT

and to petition the government for redress of grievances under the First Amendment to the United States Constitution, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

65.     Defendants have violated Plaintiffs' First Amendment rights of freedom of speech and association as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

66.     Unless enjoined by the Court, the representative Plaintiffs and the class members will continue to suffer irreparable harm, damage, and injury for which there is no adequate remedy at law.

## SECOND CAUSE OF ACTION

### Conversion

### (All Defendants)

67.     Plaintiffs hereby allege and incorporate by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 through 66.

68.     Plaintiffs, at all times relevant hereto, owned and/or had the sole right to possession of the monies withheld from them in the form of fair share service fees paid to the defendant unions.

69.     Defendants wrongfully dispossessed Plaintiffs of monies by imposing unlawful fair share service fees against Plaintiffs as condition for the Plaintiffs' employment with the defendant school districts.

70.     As a direct and proximate result of the above wrongful conduct of Defendants, Plaintiffs have been damaged in an amount to be proven at trial, but not less than the full amount of monies withheld from them in the form of fair share service fees paid to the defendant unions.

ClarkHill\94248\329385\219891177.v1-7/2/18

## THIRD CAUSE OF ACTION

### Restitution of Money Had and Received

### (All Defendants)

71.     Plaintiffs hereby allege and incorporate by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 through 70.

72.     The defendant unions received monies in the form of unlawful fair share service fees from Plaintiffs.

73.     Defendants' imposition and collection of the fair share service fees violates Plaintiffs' First Amendment Rights and is, therefore, unconstitutional.

74.     At all times relevant hereto, the monies the defendant unions received belonged to and were for the use of Plaintiffs.

75.     The defendant unions are indebted to Plaintiffs in the amount of the fair share service fees they obtained on account of Plaintiffs.

76.     By this Complaint, Plaintiffs demand restitution from the defendant unions for all fair share service fees obtained by the defendant unions.

### DEMAND FOR RELIEF

Plaintiffs respectfully request this Court:

A.     Certify a class and subclasses consistent with the definitions stated in this Complaint.

B.     Issue a declaratory judgment against the defendant school districts and the defendant superintendents (in their official capacities), and the defendant unions providing that:

1.     It is unconstitutional under the First Amendment, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to withhold or require payment of fair share service fees or agency fees from Plaintiffs and the class members;

2.     The provisions of CAL. GOV'T CODE § 3546 that allow the imposition of fair share service fees is unconstitutional under the First

ClarkHill\94248\329385\219891177.v1-7/2/18

Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and is null and void.

        3.    Any collective bargaining agreement provision imposing fair share service fees or agency fees against Plaintiffs or the class members is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and is null and void.

C.    Permanently enjoin Defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from collecting fair share service fees or agency fees from Plaintiffs or the class members.

D.    Permanently enjoin the defendant school districts and superintendents, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing the provisions of Cal. Gov't Code § 3546 that allow the imposition and collection of fair share service fees from Plaintiffs or the class members.

E.    Order the defendant unions to disgorge and refund all fair share service fees or agency fees unlawfully withheld or collected (directly or indirectly) from Plaintiffs and the class members, along with pre-judgment and post-judgment interest.

F.    Award Plaintiffs damages under 42 U.S.C. § 1983.

G.    Award Plaintiffs their reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988.

///

///

///

///

///

COMPLAINT

1        H.       Award any other relief this Court deems just and proper.

2

3    Dated:  July 2, 2018                    CLARK HILL LLP

4

5

6                                           By: _____
                                                  Bradford G. Hughes
7
                                            Attorneys for Plaintiffs and Proposed Class
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ClarkHill\94248\329385\219891177.v1-7/2/18