Bradford G. Hughes (State Bar No. 247141)
bhughes@ClarkHill.com
CLARK HILL LLP
1055 W. 7th Street, 24th Floor
Los Angeles, California 90017
Telephone: 213.891.9100
Facsimile: 213.488.1178

Gregory N. Longworth (*Pro Hac Vice*)
GLongworth@ClarkHill.com
CLARK HILL PLC
200 Ottawa NW, Suite 500
Grand Rapids, Michigan 49503
Telephone: 616.608.1100
Facsimile: 616.608.1199

Daniel J. Dulworth (*Pro Hac Vice*)
DDulworth@ClarkHill.com
CLARK HILL PLC
500 Woodward Ave., Suite 3500
Detroit, MI 48226
Telephone: 313. 965.8300
Facsimile: 313.965.8252

John J. Bursch (*Pro Hac Vice*)
jbursch@burschlaw.com
BURSCH LAW PLLC
9339 Cherry Valley Ave. SE, #78
Caledonia, MI 49316
Telephone: 616.450.4235

Attorneys for Plaintiffs and Proposed Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SCOTT WILFORD; BONNIE HAYHURST; REBECCA FRIEDRICHS; MICHAEL MONGE; HARLAN ELRICH; JELENA FIGUEROA; AND GENE GREY, AS INDIVIDUALS, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL EDUCATION ASSOCIATION OF THE UNITED STATES; AMERICAN FEDERATION | Case No. 8:18-cv-1169<br><br>**PLAINTIFFS' AMENDED CLASS-ACTION COMPLAINT** |

1
COMPLAINT

OF TEACHERS; CALIFORNIA TEACHERS ASSOCIATION; CALIFORNIA FEDERATION OF TEACHERS; COMMUNITY COLLEGE ASSOCIATION; SADDLEBACK VALLEY EDUCATORS ASSOCIATION; EXETER TEACHERS ASSOCIATION; SAVANNA DISTRICT TEACHERS ASSOCIATION; CERTIFICATED HOURLY INSTRUCTORS, LONG BEACH CITY COLLEGE CHAPTER; COAST FEDERATION OF EDUCATORS, LOCAL 1911; SOUTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT FACULTY ASSOCIATION; SANGER UNIFIED TEACHERS ASSOCIATION; ORANGE UNIFIED EDUCATION ASSOCIATION; AND MT. SAN ANTONIO COLLEGE FACULTY ASSOCIATION, INC.,

                    Defendants.

Plaintiffs SCOTT WILFORD, BONNIE HAYHURST, REBECCA FRIEDRICHS, MICHAEL MONGE, HARLAN ELRICH, JELENA FIGUEROA and GENE GREY (collectively, hereinafter "Plaintiffs") are current or former public-school teachers who bring this class action on behalf of themselves and all others similarly situated, seeking redress for the defendants' past and ongoing violations of their constitutionally protected rights. The defendants have violated the representative plaintiffs' constitutional rights by, amongst other things, forcing them to pay fair share service fees as a condition of their employment. Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## INTRODUCTION

On June 27, 2018, the United States Supreme Court decided *Janus v. AFSCME*, 138 S. Ct. 2448 (2018), holding that an agency-fee scheme – fair share service fees in the language of the California Government Code – violates the free

speech rights of public employees who elect not to join a public-sector union and who do not affirmatively consent to pay agency fees.

## PARTIES

1. Plaintiff Scott Wilford resides in the County of Orange, California. Plaintiff Scott Wilford is, and was at all times mentioned herein, a public school teacher in the State of California. He has been a teacher in Saddleback Valley Unified School District for over 19 years. As such, Mr. Wilford is a "public school employee" within the meaning of the CAL. GOV'T. CODE § 3546. He resigned his union membership in 2009 and has opted out of paying the non-chargeable portion of agency fees. Yet, prior to *Janus*, he was required, as a condition of his employment, to pay fair share service fees to Saddleback Valley Educators Association, portions of which were forwarded to California Teachers Association and National Education Association of the United States.

2. Plaintiff Bonnie Hayhurst resides in the County of Fresno, California. Plaintiff Bonnie Hayhurst is, and was at all times mentioned herein, a public school teacher in the State of California at Exeter Unified School District. As such, Ms. Hayhurst is a "public school employee" within the meaning of the CAL. GOV'T. CODE § 3546. She resigned her union membership in 2008 and has opted out of paying the non-chargeable portion of agency fees. Yet, prior to *Janus*, she was required, as a condition of her employment, to pay fair share service fees to Exeter Teachers Association, portions of which were forwarded to California Teachers Association and National Education Association of the United States.

3. Plaintiff Rebecca Friedrichs resides in the County of Orange, California. Plaintiff Rebecca Friedrichs was at all times mentioned herein, a public school teacher in the Savanna School District in the State of California. As such, Ms. Friedrichs was a "public school employee" within the meaning of the CAL. GOV'T. CODE § 3546. She resigned her union membership in 2012 and has opted out of paying the non-chargeable portion of agency fees. Yet, prior to *Janus*, she

1  was required, as a condition of her employment, to pay fair share service fees to
2  Savanna District Teachers Association, portions of which were forwarded to
3  California Teachers Association and National Education Association of the United
4  States.
5      4.    Plaintiff Michael Monge resides in the County of Orange, California.
6  Plaintiff Michael Monge is, and was at all times mentioned herein, employed by
7  one or more of various community colleges in the State of California, including
8  Long Beach Community College District, Coast Community College District, and
9  South Orange County Community College District. As such, Mr. Monge is a
10 "public school employee" within the meaning of the CAL. GOV'T. CODE § 3546. He
11 resigned his union memberships and has opted out of paying the non-chargeable
12 portion of agency fees. Yet, prior to *Janus*, he was required, as a condition of his
13 employment with Long Beach Community College District, to pay fair share
14 service fees to Certificated Hourly Instructors, Long Beach City College Chapter,
15 portions of which were forwarded Community College Association, California
16 Teachers Association, and to National Education Association of the United States.
17 Prior to *Janus*, he was required, as a condition of his employment with Coast
18 Community College District, to pay fair share service fees to Coast Federation of
19 Educators, Local 1911, portions of which were forwarded to California Federation
20 of Teachers and American Federation of Teachers. Prior to *Janus*, he was required,
21 as a condition of his employment with South Orange County Community College
22 District, to pay fair share service fees to South Orange County Community College
23 District Faculty Association, portions of which were forwarded to Community
24 College Association, California Teachers Association, and National Education
25 Association of the United States.
26     5.    Plaintiff Harlan Elrich resides in Fresno County, California. Plaintiff
27 Harlan Elrich is, and was at all times mentioned herein, a public school teacher in
28 the State of California. He has been a public school teacher in California for nearly

25 years and a teacher in the Sanger Unified School District for 13 years. As such, Mr. Elrich is a "public school employee" within the meaning of the CAL. GOV'T. CODE § 3546. He resigned his union membership in 2012 and has opted out of paying the non-chargeable portion of agency fees. Yet, prior to *Janus*, he was required, as a condition of his employment, to pay fair share service fees to Sanger Unified Teachers Association, portions of which were forwarded to California Teachers Association and National Education Association of the United States.

6. Plaintiff Jelena Figueroa resides in the County of Orange, California. Plaintiff Jelena Figueroa is, and was at all times mentioned herein, a public school teacher in the State of California at the Orange Unified School District for 14 years. As such, Ms. Figueroa is a "public school employee" within the meaning of CAL. GOV'T. CODE § 3546. She resigned her union membership in 2008 and has opted out of paying the non-chargeable portion of agency fees. Yet, prior to *Janus*, she was required, as a condition of her employment, to pay fair share service fees to Orange Unified Education Association, portions of which were forwarded to California Teachers Association and National Education Association of the United States.

7. Plaintiff Gene Grey resides in the Riverside County, California. Plaintiff Gene Grey is, and was at all times mentioned herein, employed by Mt. San Antonio College District, Long Beach Community College District, and Coast Community College District. As such, Mr. Grey is a "public school employee" within the meaning of CAL. GOV'T. CODE § 3546. He was not a member of the unions representing employees of these employers. Yet, prior to *Janus*, he was required, as a condition of his employment, to pay fair share service fees to Mt. San Antonio College Faculty Association, Inc., portions of which were forwarded to California Teachers Association and National Education Association of the United States. Prior to *Janus*, he was required, as a condition of his employment with Long Beach Community College District, to pay fair share service fees to Certificated

Hourly Instructors, Long Beach City College Chapter, portions of which were forwarded Community College Association, California Teachers Association, and to National Education Association of the United States. Prior to *Janus*, he was required, as a condition of his employment with Coast Community College District, to pay fair share service fees to Coast Federation of Educators, Local 1911, portions of which were forwarded to California Federation of Teachers and American Federation of Teachers.

8. Defendant National Education Association of the United States ("NEA") is the largest teachers' union in the United States and one of the largest public-sector unions. Prior to *Janus*, it received a portion of the fair share service fees that are extracted from Plaintiffs and other public school employees under California agency-shop laws. It also received and receives portions of agency fees paid by persons in other states who are not union members. NEA is a major participant in political activities at the national, state, and local levels. NEA is headquartered in Washington DC and engages in business throughout California including in the County of Orange.

9. Defendant American Federation of Teachers ("AFT") is a teachers' union in the United States and one of the largest public-sector unions. Prior to *Janus*, it received a portion of the fair share service fees that are extracted from Plaintiffs and other public school employees under California agency-shop laws. It also received and receives portions of agency fees paid by persons in other states who are not union members. AFT is a major participant in political activities at the national, state, and local levels. AFT is headquartered in Washington DC and engages in business throughout California including in the County of Orange.

10. Defendant California Teachers Association ("CTA") is the state affiliate of NEA. It is the largest teachers' union in California. CTA engages in business in Orange County, California. Prior to *Janus*, it received a portion of the fair share service fees that are extracted from Plaintiffs and other public school

employees under California agency-shop laws. CTA is a major participant in political activities at the state and local levels. CTA is headquartered in Burlingame, California, and engages in business throughout the State of California, including in the County of Orange.

11. Defendant California Federation of Teachers ("CFT") is the state affiliate of AFT. It is a teachers' union in California. Prior to *Janus*, it received a portion of the fair share service fees that are extracted from Plaintiffs and other public school employees under California agency-shop laws. CFT is a major participant in political activities at the state and local levels. CFT is headquartered in Burbank, California, and engages in business throughout the State of California, including in the County of Orange.

12. Defendant Community College Association ("CCA") is the community college faculty union in California. Prior to *Janus*, it received a portion of the fair share service fees that are extracted from Plaintiffs and other public school employees under California agency-shop laws. CCA is a major participant in political activities at the state and local levels. CCA engages in business throughout the state of California, including in the County of Orange.

13. Defendant Saddleback Valley Educators Association ("SVEA") is the "recognized employee organization" in the Saddleback Valley Unified School District, within the meaning of CAL. GOV'T. CODE § 3546. SVEA is headquartered in Laguna Hills, California, and conducts its business and operations in the County of Orange. Its state affiliate is CTA and its national affiliate is NEA.

14. Defendant Exeter Teachers Association ("ETA") is the "recognized employee organization" in the in the Exeter Unified School District, within the meaning of CAL. GOV'T. CODE § 3546. ETA is headquartered in Exeter, California, and conducts its business and operations in the State of California. Its state affiliate is CTA and its national affiliate is NEA.

7
COMPLAINT

15. Defendant Savanna District Teachers Association ("SDTA") is the "recognized employee organization" in the Savanna School District within the meaning of CAL. GOV'T. CODE § 3546. SDTA is headquartered in Anaheim, California, and conducts its business and operations in the County of Orange. Its state affiliate is CTA and its national affiliate is NEA.

16. Defendant Certificated Hourly Instructors, Long Beach City College Chapter ("CHI") is the "recognized employee organization" for Long Beach City College District, within the meaning of CAL. GOV'T. CODE § 3546. CHI is headquartered in San Francisco, California, and conducts its business and operations in the State of California, including in the County of Orange. Its state affiliates are CCA and CTA, and its national affiliate is NEA.

17. Defendant Coast Federation of Educators, Local 1911 ("CFE") is the "recognized employee organization" for Coast Community College District, within the meaning of CAL. GOV'T. CODE § 3546. CFE is headquartered in Costa Mesa, California, and conducts its business and operations in the County of Orange. Its state affiliate is CFT and its national affiliate is the AFT.

18. Defendant South Orange County Community College District Faculty Association ("SOCCCDFA") is the "recognized employee organization" for South Orange County Community College District, within the meaning of CAL. GOV'T. CODE § 3546. SOCCCDFA is headquartered in Mission Viejo, California, and conducts its business and operations in the County of Orange. Its affiliate is CCA, its state affiliate is CTA, and its national affiliate is NEA.

19. Defendant Sanger Unified Teachers Association ("SUTA") is the "recognized employee organization" in the Sanger Unified School District, within the meaning of CAL. GOV'T. CODE § 3546. SUTA is headquartered in Sanger, California, and conducts its business and operations in the State of California. Its state affiliate is CTA and its national affiliate is NEA.

20. Defendant Orange Unified Education Association ("OUEA") is the "recognized employee organization" in the Orange Unified School District, within the meaning of CAL. GOV'T. CODE § 3546. OUEA is headquartered in Orange, California, and conducts its business and operations in the County of Orange. Its state affiliate is CTA and its national affiliate is NEA.

21. Defendant Mt. San Antonio College Faculty Association, Inc. ("MSACFA") is the "recognized employee organization" for the Mt. San Antonio College District, within the meaning of CAL. GOV'T. CODE § 3546. MSACFA is headquartered in Walnut, California, and conducts its business and operations in the State of California. Its state affiliate is CTA and its national affiliate is NEA.

## JURISDICTION AND VENUE

22. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1343, 1367, and 2201.

23. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2) because one or more of the defendants reside in this judicial district and all defendants are residents of this State (within the meaning 28 U.S.C. § 1391(c)) and because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of this action is situated, in this judicial district.

## GENERAL ALLEGATIONS

24. Under CAL. GOV'T. CODE § 3543(a), the public school employees of each of the school districts for which Plaintiffs worked chose to be represented by the corresponding Defendant labor union, which then was recognized as the exclusive representative of the district's employees.

25. Under CAL. GOV'T. CODE § 3543(a), "public school employees who are in a unit for which an exclusive representative has been selected, shall be required, as a condition of continued employment, to join the recognized employee organization or to pay the organization a fair share services fee, as required by Section 3546."

26. Under CAL. GOV'T. CODE § 3543(a), the public school employer for each Plaintiff deducts the amount of the fair share service fee from that Plaintiff's wages and salary and pays that amount to the Defendant union representing the employees of that public school employer.

27. Each Plaintiff chose not to join the exclusive representative in his or her school district. Nevertheless, under Chapter 10.7 of Division 4 of Title 1 of the California Government Code:

    a. Saddleback Valley Unified School District withheld from Plaintiff Scott Wilford's pay fair share service fees and paid those fees to Defendant SVEA. Defendant SVEA forwarded portions of these fees to Defendant CTA and either Defendant SVEA or Defendant CTA forwarded portions of these fees to Defendant NEA.

    b. Exeter Unified School District withheld from Plaintiff Bonnie Hayhurst's pay fair share service fees and paid those fees to Defendant ETA. Defendant ETA forwarded portions of these fees to Defendant CTA and either Defendant ETA or Defendant CTA forwarded portions of these fees to Defendant NEA.

    c. Savanna School District withheld from Plaintiff Rebecca Friedrichs's pay fair share service fees and paid those fees to Defendant SDTA. Defendant SDTA forwarded portions of these fees to Defendant CTA and either Defendant SDTA or Defendant CTA forwarded portions of these fees to Defendant NEA.

    d. Long Beach Community College District withheld from Plaintiff Michael Monge's and Gene Grey's pay fair share service fees and paid those fees to Defendant CHI. Defendant CHI forwarded portions of these fees to Defendant CCA, either Defendant CHI or Defendant CCA forwarded portions of these fees to Defendant CTA, and either Defendant CHI or Defendant CCA or Defendant CTA forwarded portions of these fees to Defendant NEA.

  e. Coast Community College District withheld from Plaintiff Michael Monge's and Gene Grey's pay fair share service fees and paid those fees to Defendant CFE.  Defendant CFE forwarded portions of these fees to Defendant CFT and either Defendant CFE or Defendant CFT forwarded portions of these fees to Defendant AFT.

  f. South Orange County Community College District withheld from Plaintiff Michael Monge's pay fair share service fees and paid those fees to Defendant SOCCCDFA. Defendant SOCCCDFA forwarded portions of these fees to Defendant CCA, either Defendant SOCCCDFA or Defendant CCA forwarded portions of these fees to Defendant CTA, either Defendant SOCCCDFA or Defendant CCA or Defendant CTA forwarded portions of these fees to Defendant NEA.

  g. Sanger Unified School District withheld from Plaintiff Harlan Elrich's pay fair share service fees and paid those fees to Defendant SUTA. Defendant SUTA forwarded portions of these fees to Defendant CTA and either Defendant SUTA or Defendant CTA forwarded portions of these fees to Defendant NEA.

  h. Orange Unified School District withheld from Plaintiff Jelena Figueroa's pay fair share service fees and paid those to Defendant OUEA. Defendant OUEA forwarded portions of these fees to Defendant CTA and either Defendant OUEA or Defendant CTA forwarded portions of these fees to Defendant NEA.

  i. Mt. San Antonio College District withheld from Plaintiff Gene Grey's pay fair share service fees and paid those to Defendant MSACFA. Defendant MSACFA forwarded portions of these fees to Defendant CTA and either Defendant MSACFA or Defendant CTA forwarded portions of these fees to Defendant NEA.

28. Defendants SVEA, ETA, SDTA, CHI, CFE, SOCCCDFA, SUTA, OUEA, and MSACFA are collectively referred to as the "Local Unions." Defendants CTA, CFT, and CCA are referred to as the "State Unions." Defendants NEA and AFT are referred to as the "National Unions."

29. This agency-fee scheme violated the free speech rights of Plaintiffs by compelling them to subsidize private speech on matters of substantial public concern, as the Supreme Court recognized in *Janus*. No compelling or otherwise sufficient governmental interest justifies the compulsory political representation imposed on teachers. 138 S. Ct. at 2663-2465. As a result, "public-sector agency-shop arrangements" like those here "violate the First Amendment." *Id*. at 2478.

30. The representative plaintiffs are bringing this action at this time to preserve the class members' ability to seek retrospective relief against the defendants for as far back as the applicable statutes of limitations will allow.

## CLASS ALLEGATIONS

31. The representative plaintiffs bring this class action under Fed. R. Civ. P. 23(b)(1)(A), (b)(2), and (b)(3). The class comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees or union agency fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to one of the Local, State, or National Unions; and (3) has not affirmatively consented in writing to pay the fees. The class includes everyone who comes within the class definition at any time covered by the claims and until the conclusion of this action.

32. The representative plaintiffs also assert the following subclasses:
a. The "NEA Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees or union agency fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to NEA; and (3) has not affirmatively consented in writing to pay the fees.

1
2
3
4
5

    b. The "AFT Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees or union agency fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to AFT; and (3) has not affirmatively consented in writing to pay the fees.

6
7
8
9

    c. The "CTA Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to CTA; and (3) has not affirmatively consented in writing to pay the fees.

10
11
12
13

    d. The "CFT Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted CFT; and (3) has not affirmatively consented in writing to pay the fees.

14
15
16
17

    e. The "CCA Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted CCA; and (3) has not affirmatively consented in writing to pay the fees.

18
19
20
21

    f. The "SVEA Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to SVEA; and (3) has not affirmatively consented in writing to pay the fees.

22
23
24
25

    g. The "ETA Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to ETA; and (3) has not affirmatively consented in writing to pay the fees.

26
27
28

    h. The "SDTA Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid

to him/her by his/her employer, which fees have been remitted to SDTA; and (3) has not affirmatively consented in writing to pay the fees.

i. The "CHI Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to CHI; and (3) has not affirmatively consented in writing to pay the fees.

j. The "CFE Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to CFE; and (3) has not affirmatively consented in writing to pay the fees.

k. The "SOCCCDFA Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to SOCCCDFA; and (3) has not affirmatively consented in writing to pay the fees.

l. The "SUTA Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to SUTA; and (3) has not affirmatively consented in writing to pay the fees.

m. The "OUEA Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to OUEA; and (3) has not affirmatively consented in writing to pay the fees.

n. The "MSACFA Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to MSACFA; and (3) has not affirmatively consented in writing to pay the fees.

33. The number of persons in the class and each subclass makes joinder of the individual class members impractical.

34. There are questions of fact and law common to the class and the subclasses. Factually, all class and subclass members are public employees and union nonmembers compelled to pay fair share service fees or agency fees to Defendants as a condition of employment. Legally, the U.S. Constitution affords the same rights under the First Amendment to every member of the class as the Supreme Court recently held in *Janus*. Among the common questions are: (1) whether the requirement of paying the fair share service fee or agency fee is constitutional; (2) whether the withholding of the fair share service fee or agency fee is a tort under state law; and (3) whether Defendants are obligated to refund fair share service fees that have been unlawfully extracted.

35. The representative plaintiffs' claims are typical of other members of the class and their respective subclasses because each member of the class or subclass has declined to join a union, yet is forced under state law and contract provisions to financially support the union and its inherently political activities.

36. The representative plaintiffs adequately represent the interests of the class and their respective subclasses and they have no interests antagonistic to the class. Further, the undersigned counsel is experienced in the litigation of constitutional deprivations, including First Amendment claims, and class action litigation.

37. A class action may be maintained under Rule 23(b)(1)(A) because separate actions by class and subclass members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.

38. A class action may be maintained under Rule 23(b)(2) because final injunctive relief and corresponding declaratory relief is appropriate respecting the class and subclasses as a whole. Plaintiffs are also entitled to recover incidental

monetary relief that will not involve individualized determinations of each plaintiff's entitlement to monetary relief.

39. A class action may be maintained under Rule 23(b)(3) because the questions of law or fact common to class members predominate over any questions affecting only individual members. In addition, a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Among other things, all class and subclass members are subjected to the same violation of their constitutional rights but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions.

40. The representative plaintiffs, by and through their counsel of record, maintain that the class action could be maintained without notice to the proposed class under FRCP 23(b)(1) or (2). To the extent notice is required, the representative plaintiffs, by and through their counsel of record, will obtain court approval of the manner and nature of the notice to be given.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Violation of 28 U.S.C. § 1983

41. Plaintiffs hereby allege and incorporate by reference, as though fully set forth herein, the allegations contained in preceding paragraphs.

42. Defendants were acting under the color of state law by causing, participating in, and accepting the compulsory deduction of fair share service fees from monies owed to Plaintiffs. Specifically, Plaintiffs' employers were assisting Defendants in coercing Plaintiffs to finance the unions' activities, and Defendants were acting in concert with a public agency and with authority granted by statute to deprive Plaintiffs of their constitutional rights.

43. Defendants, acting under color of state law have participated in the creation, administration, and enforcement of laws unlawfully requiring Plaintiffs to pay fair share service fees to Defendants as a condition for Plaintiffs' employment.

In so doing, Defendants have violated and continue to violate Plaintiffs' First Amendment Rights to free speech and association as secured by the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

44. State law and collective-bargaining agreements permitting and imposing compulsory fair share service fees on public employees who do not wish to associate or support a union are not narrowly tailored to serve a compelling government interest.

45. By compelling the representative Plaintiffs and the class members to financially support Defendants, including for purposes of speaking to, petitioning, and otherwise lobbying the State and its officials with respect to political matters such as the negotiation and enforcement of collective bargaining rights and obligations, Defendants have abridged and violated the rights of the representative Plaintiffs and the class members to freedom of association and freedom of speech, and to petition the government for redress of grievances under the First Amendment to the United States Constitution, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

46. Defendants have violated Plaintiffs' First Amendment rights of freedom of speech and association as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

47. Unless enjoined by the Court, the representative Plaintiffs and the class members will continue to suffer irreparable harm, damage, and injury for which there is no adequate remedy at law.

## SECOND CAUSE OF ACTION

### Conversion

48. Plaintiffs hereby allege and incorporate by reference, as though fully set forth herein, the allegations contained in preceding paragraphs.

49. Plaintiffs, at all times relevant hereto, owned and/or had the sole right to possession of the monies withheld from them in the form of fair share service fees paid to Defendants.

50. Defendants wrongfully dispossessed Plaintiffs of monies by imposing unlawful fair share service fees against Plaintiffs as condition for the Plaintiffs' employment by their employers.

51. As a direct and proximate result of the above wrongful conduct of Defendants, Plaintiffs have been damaged in an amount to be proven at trial, but not less than the full amount of monies withheld from them in the form of fair share service fees paid to Defendants.

## THIRD CAUSE OF ACTION

### Restitution of Money Had and Received

52. Plaintiffs hereby allege and incorporate by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

53. Defendants received monies in the form of unlawful fair share service fees from Plaintiffs.

54. Defendants' imposition and collection of the fair share service fees violates Plaintiffs' First Amendment Rights and is, therefore, unconstitutional.

55. At all times relevant hereto, the monies Defendants received belonged to and were for the use of Plaintiffs.

56. Defendants are indebted to Plaintiffs in the amount of the fair share service fees they obtained on account of Plaintiffs.

57. By this Complaint, Plaintiffs demand restitution from Defendant for all fair share service fees obtained by Defendants.

### DEMAND FOR RELIEF

Plaintiffs respectfully request this Court:

A. Certify a class and subclasses consistent with the definitions stated in this Complaint.

B. Issue a declaratory judgment against Defendants providing that:

1. It is unconstitutional under the First Amendment, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to withhold or require payment of fair share service fees or agency fees from Plaintiffs and the class members;

2. The provisions of CAL. GOV'T CODE § 3546 that allow the imposition of fair share service fees are unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and is null and void.

3. Any collective bargaining agreement provision imposing fair share service fees or agency fees against Plaintiffs or the class members is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and is null and void.

C. Permanently enjoin Defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from collecting or receiving fair share service fees or agency fees from Plaintiffs or the class members.

D. Order Defendants to disgorge and refund all fair share service fees or agency fees unlawfully withheld or collected (directly or indirectly) from Plaintiffs and the class members, along with pre-judgment and post-judgment interest.

E. Award Plaintiffs damages under 42 U.S.C. § 1983.

F. Award Plaintiffs their reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988.

///

///

///

///

19
COMPLAINT

ClarkHill\94248\329385\219891177.v1-7/2/18
220313970.1 95520/336552

G. Award any other relief this Court deems just and proper.

Dated: October 8, 2018

CLARK HILL LLP

By: _____
Bradford G. Hughes

Attorneys for Plaintiffs and Proposed Class